UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 5:18-cr-00083-GFVT-MAS |
| | ) | |
| V. | ) | |
| | ) | |
| JAMIE CLAY DERICKSON, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Matthew A. Stinnett as to Defendant Jamie Clay Derickson.  [R. 87.]  The Report and Recommendation addresses the issue of whether Mr. Derickson is competent to stand trial pursuant to 18 U.S.C. § 4241(a).  Mr. Derickson underwent evaluation by two experts: Dr. Geoffrey Grimm, on behalf of the United States, and Dr. Eric Y. Drogin, on behalf of the defendant.  Dr. Grimm concluded that Mr. Derickson was competent to stand trial.  Dr. Drogin disagreed; his report states he does not believe Mr. Derickson is fit to stand trial.

Judge Stinnett held a competency hearing on June 17, 2020.  [R. 84.]  At the hearing, Judge Stinnett considered the reports of the competing experts.  Although the experts reached different conclusions about Mr. Derickson's competency, Judge Stinnett correctly noted that "[p]er the reports of both experts, Derickson is cooperative with his counsel, understands counsel is on his side, demonstrated that [he] could assist [his counsel] by providing her information (though could not verbalize that this was a means to assist her),

and understands that counsel will provide advice to him by telling him what to do." [R. 87 at 7.] While Mr. Derickson was confused by legal terms, "by both experts' testimony and reports, [he] understands that there is a legal proceeding against him, and understands the factual circumstances that led to the charges against him." *Id.* Finally, "Derickson appreciates the seriousness of the charges, as he told Dr. Drogin that he might be incarcerated if he is found guilty, and furthermore, maintained his innocence to both experts." *Id.*

Judge Stinnett advises that, based upon the consistencies in the experts' reports and the evidence presented at the hearing, Mr. Derickson is competent to stand trial, and he recommends the Court find Mr. Derickson competent for further proceedings in this matter. The time to file objections to this recommendation has passed, and neither party has objected nor sought an extension of time to do so. Instead, Mr. Derickson has filed a motion for rearraignment, which this Court has granted. [R. 88; R. 89.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record, and agrees with the Magistrate Judge's Recommended Disposition.

Accordingly, the Court hereby **ORDERS** that Judge Stinnett's Recommended Disposition [R. 87] is **ADOPTED** as and for the opinion of the Court. The Court **FINDS** that

Defendant Jamie Clay Derickson is competent to face further proceedings in this matter, including trial.

This the 28th day of July, 2020.

Gregory F. Van Tatenhove
United States District Judge